**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| BROMLEY COMMUNITY ASSOCIATION, INC. <br><br>Plaintiff, <br><br>TOLL BROTHERS, INC. <br><br>Defendant. | Civil Action No. 3:22-cv-262 <br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Bromley Community Association, Inc. ("Bromley" or "Plaintiff"), by and through the undersigned counsel, and in support of this Complaint against Defendant Toll Brothers, Inc. ("Toll Brothers" or "Defendant"), does hereby allege and aver as follows:

### NATURE OF THE ACTION

1. Plaintiff Bromley brings this action for false designation of origin and false descriptions pursuant to the Lanham Act, 15 U.S.C. § 1125, *et seq.*, common law trademark infringement under the law of the State of North Carolina, and for unfair and deceptive trade practices under the laws of the State of North Carolina pursuant to N.C. Gen. Stat. § 75-1.1, *et seq.*, arising from Defendant's unlawful conduct in knowingly and intentionally adopting and using a trademark that is identical, and confusingly similar, to Bromley's BROMLEY and BROMLEY ESTATES trademarks (collectively, "Bromley Marks") in the same geographic area.

## PARTIES

2. Plaintiff Bromley is a not for profit corporation organized and existing under the laws of North Carolina with its principal office address located at 312 Bulkhead Way Suite #104 -301, Clover, South Carolina, 29710.

3. Bromley is a qualified homeowners association with the primary purpose of the care, maintenance, protection and preservation of the planned single-family residential development, including common areas, known as "Bromley" located in Union County, North Carolina.

4. Upon information and belief, Defendant Toll Brothers is a publicly traded corporation organized and existing under the laws of Delaware, with its principal place of business located at 1140 Virginia Drive, Fort Washington, Pennsylvania 19034, as well as a Charlotte Division Office located at 14529 Grand Palisades Parkway, Charlotte, North Carolina 28278.

5. Upon information and belief, Defendant is a national homebuilder that builds residential communities in 23 states (plus the District of Columbia) across the country, including throughout North Carolina and in this district, and also operates an interactive website that displays the infringing trademarks globally online, including specifically marketing to potential homebuyers in North Carolina and this district.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) because it arises under the Lanham Act, 15 U.S.C. § 1121(a), *et seq*.

7. This Court has jurisdiction over Plaintiff's claims under the laws of the State of North Carolina based upon principles of supplemental jurisdiction and in accordance with 28 U.S.C. § 1367(a), in that the state law claims under North Carolina are so related to the federal

claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

8. This Court has *in personam* jurisdiction over Plaintiff in that Bromley is a corporation organized, existing, and conducting business in this state and in this district and division.

9. This Court has *in personam* jurisdiction over Defendant, as Toll Brothers is a corporation conducting business in this state and in this district and division and is engaged in trademark infringement in this district and division.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 in that Defendant is transacting business in this district and because a substantial part of the events giving rise to Bromley's claims occurred in the Western District of North Carolina.

## STATEMENT OF FACTS

### A. Bromley's Trademark Rights

11. Bromley was incorporated in or around 2007 as a not-for-profit corporation and qualified homeowners association under the North Carolina Planned Community Act for a high-end, custom-home development with large lots and sprawling estates on 163 acres in Union County ("Bromley Estates").

12. Bromley was incorporated by, and Bromley Estates originally developed by, Pace Development Company beginning in 2007 with 121 lots featured as being large wooded home sites built around a lake for private use by Bromley Estates residents and maintained by Bromley, and including other amenities such as a ten acre park and gazebo.

13. Since 2007, Bromley has continuously used the Bromley Marks in and around at least Union and Mecklenburg Counties to identify and promote its real estate, community, and community services.

14. Bromley is the sole owner of valid common law trademark rights in the Bromley Marks in and around at least Union and Mecklenburg Counties.

15. Bromley uses the Bromley Marks to distinguish itself and its services to potential homebuyers in and around at least Union and Mecklenburg Counties.

16. Bromley maintains a sign at the front entrance of Bromley Estates that displays the BROMLEY trademark:



17. Bromley also maintains the website www.bromleycommunity.com for its homeowners.

18. Since Bromley's inception, there have been strict restrictions on the removal of trees on individual home sites within Bromley Estates and a requirement to replace trees taken down per the Bromley Estates Covenants, Conditions, and Restrictions ("CC&R's").

19. Upon information and belief, in or around February 2012, Defendant, a large publicly traded homebuilder, purchased 103 unfinished lots in Bromley Estates and took over management of Bromley.

20. Bromley Estates was fully built-out, and the final lot in the Bromley community transferred title to the homeowner from Toll Brothers, approximately three and a half years ago.

21. Toll Brothers also has not had any oversight or management role over Bromley since on or about September 16, 2019.

22. At all times, all rights in and to the Bromley Marks have been held and owned by Bromley.

23. Bromley and its Bromley Marks have become synonymous with a premier community in Weddington of wooded home sites built around a private lake exclusively for use by Bromley homeowners. The Bromley Marks are well known in the geographic area of Bromley due to the prominence of Bromley and Bromley Estates as well as the Bromley Estates community entrance being directly off highly traveled Hemby Road.

24. The BROMLEY name and Bromley Marks have no geographic significance – "Bromley" is not a place or location. Indeed, the development was marketed as "Bromley Estates at Weddington," identifying Weddington as the location of Bromley and Bromley Estates.

**B. Defendant's Infringing Trademark Use**

25. Bromley Estates directly adjoins a 43 acre parcel of land at the corner of Providence Road and Hemby Road ("Corner Parcel").

26. Upon information and belief, the Corner Parcel was originally being developed by Classica Homes, which was granted approval for a subdivision with 35 lots named "Hemby Place" by the Weddington Town Council in November 2019 based on a preliminary plat submitted by Classica Homes ("Hemby Place").

5

27. Upon information and belief, in or around October 2021, years after Defendant had sold out of, and no longer had any ownership interest in, Bromley or Bromley Estates, Defendant purchased the Corner Parcel being developed as Hemby Place.

28. Defendant continued to use the name of the subdivision "Hemby Place" through the development approval process, including as the name of the final plat dated March 30, 2022.

29. On or about March 30, 2022, Defendant submitted a final plat to the Weddington Town Council for Hemby Place, which was approved on or about April 25, 2022. A true and accurate copy of the Hemby Place final plat is attached hereto as Exhibit A.

30. In stark contrast to Bromley Estates' wooded home sites, the Corner Parcel appears to have been completely cleared and scraped of all trees and other natural vegetation on all of the 35 lots planned to be developed.

31. Moreover, the final plat for Hemby Place includes 35 lots on approximately 13 acres for an average lot size of .37 acres, contrasted with Bromley Estates approximately one acre lots per home site.

32. On or about May 6, 2022, after the final plat was approved by Weddington Town Council as "Hemby Place," Defendant suddenly and without communication, warning or consent from Bromley, changed the name of Hemby Place to "Enclave at Bromley," falsely suggesting an association and connection with Bromley and Bromley Estates.

33. On or about May 6, 2022, Toll Brothers placed a sign on Hemby Street that states "Coming Soon – Enclave at Bromley." A true and accurate photograph of the sign is attached hereto as Exhibit B.

34. On or around the same time, Defendant created a page on its website, www.tollbrothers.com, advertising "Enclave at Bromley" in Weddington, NC, with the map for

the subdivision indicating the Corner Parcel as the location for "Enclave at Bromley." A true and accurate copy of the Toll Brothers webpage is attached hereto as Exhibit C.

35. On or about May 6, 2022, real estate buyer's agent Roger Holloway posted a video on YouTube entitled "Hemby Place is now Enclave at Bromley [Toll Brothers]." A true and accurate copy of the YouTube webpage is attached hereto as Exhibit D.

36. Defendant's use of the subdivision name "Enclave at Bromley" ("Infringing Mark") in commerce falsely and/or misleadingly suggests an affiliation, connection, or association with Bromley and Bromley Estates when no such affiliation, connection, or association exists.

37. Defendant knowingly adopted the Infringing Mark with actual knowledge of Bromley and the Bromley Marks.

38. Defendant's marketing, sale, and promotion using the Infringing Mark is likely to cause consumers to be confused or deceived or mistakenly believe that Defendant's subdivision "Enclave at Bromley" is affiliated, connected, or associated with Bromley and Bromley Estates when no such affiliation, connection, or association exists.

39. The likelihood of mistake, confusion, and deception caused by Defendant's uses of the Infringing Mark has caused and will cause in the future irreparable harm to the goodwill and reputation symbolized by the Bromley Marks and the reputation they embody.

## COUNT I – Lanham Act False Designations of Origin and False Descriptions
## 15 U.S.C. § 1125(a)

40. Paragraphs 1-39 are incorporated herein by reference as though set forth in their entirety.

41. Defendant has infringed Bromley's trademark rights and misappropriated and traded upon Bromley's goodwill and reputation by falsely representing its new development

"Enclave at Bromley" as being affiliated, connected, or associated with Bromley and Bromley Estates, when it is not.

42. Defendant, without consent from Bromley, adopted, used and is currently using in commerce, the infringing use of "Enclave at Bromley", in connection with the marketing, development and sale of houses and real estate on real property adjoining Bromley.

43. Defendant is making false and misleading representations by engaging in commercial advertising and promotion using the "Enclave at Bromley" name and mark, which is confusingly similar to Bromley's name and Marks.

44. Defendant is making false and misleading representations by engaging in commercial advertising promotion using the "Enclave at Bromley" name and mark, which is virtually identical to Bromley's name and Marks.

45. Defendants have used, and are using, in commerce, in connection with the sale and offer for sale of its goods and services, the infringing "Enclave at Bromley" name, mark, and designation in such a manner as is likely to cause confusion, or to cause mistake, deceive as to the affiliation, connection or association or as to the origin, or falsely designate the origin, sponsorship, or approval of the goods and services to consumers in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

## **COUNT II – North Carolina Common Law Trademark Infringement**

46. Paragraphs 1-45 are incorporated herein by reference as though set forth in their entirety.

47. Bromley has valid common law trademark rights in the Bromley Marks in and around at least Union County and Mecklenburg County through its continuous use of the Marks

in commerce to identify and promote its real estate, community, and community services since 2007.

48. Bromley has valid and enforceable trademark rights in the Bromley Marks in and around at least Union County and Mecklenburg County and has the exclusive right to use the Bromley Marks in commerce in connection with real estate, community, and community services in this geographic territory.

49. Bromley has expended time, resources, and effort to develop and maintain a strong reputation in the community and marketplace and the goodwill associated with the Bromley Marks since 2007.

50. Bromley's use in commerce of the Bromley Marks in and around at least Union County and Mecklenburg County since 2007 makes it the senior user of the Marks.

51. Defendant has infringed Bromley's Marks by using a confusingly similar "Enclave at Bromley" mark in commerce to solicit and promote its real estate and development services to potential homebuyers of an adjoining subdivision in Union County.

52. Defendant's use of the infringing "Enclave at Bromley" mark is likely to cause consumer confusion, mistake, and deception regarding the subdivision's affiliation, connection, or association with Bromley and its neighboring community Bromley Estates, including confusion, mistake and deception regarding Bromley amenities and services. As one example, Bromley Estates includes Lake Bromley. The Lake Bromley area is privately owned by the residents of the Bromley Estates community and includes paved walking trails, bridges, a gazebo, a landscaped picnic area and other amenities paid for and solely for the use of Bromley Estates residents. The planned homes will be within approximately 100 yards of Lake Bromley.

53. Defendant's actions have been committed with the intent to cause confusion, mistake, and deception in a presumed effort to increase the perceived value and resultant selling prices of the 35 homes to be built due to the use of the Bromley Marks, thus increasing Toll Brothers' profits.

54. Defendant's actions constitute common law trademark infringement.

55. As a direct and proximate result of Defendant's infringement, Bromley will suffer damages including lost goodwill and diminished value of the Bromley Marks through the use of the Bromley Marks by an adjoining parcel with home and lot sizes and characteristics not comparable to Bromley.

## COUNT IV – North Carolina Unfair and Deceptive Trade Practices
## N.C. Gen. Stat. § 75-1.1 *et seq*.

56. Paragraphs 1-55 are incorporated herein by reference as though set forth in their entirety.

57. Upon information and belief, Defendant had prior knowledge of Bromley's trademark rights in the Bromley Marks before adoption and use of the infringing "Enclave at Bromley" mark.

58. Upon information and belief, Defendants commenced use of the "Enclave at Bromley" mark and name with the intent to infringe Bromley's Marks; improperly trade off of Bromley's goodwill and reputation by falsely suggesting an affiliation, connection or association with Bromley; or at a minimum was willfully blind to Bromley's trademark rights in the Bromley Marks.

59. The activities of Defendant as described in the foregoing paragraphs, and in each claim for relief asserted in this Complaint, constitute unfair methods of competition in or affecting commerce and/or unfair and deceptive acts or practices in or affecting commerce in North Carolina

10

and have proximately caused and are proximately causing injury to Bromley in North Carolina. Thus, these activities violate the North Carolina statutory prohibition of unfair and deceptive trade practices. N.C. Gen. Stat. § 75-1.1 *et seq.*

60. By reason of the foregoing, Bromley is entitled to recover from Defendant treble damages and reasonable attorney's fees, pursuant to N.C. Gen. Stat. § 75-16 and § 75-16.1.

## PRAYER FOR RELIEF

WHEREFORE, Bromley respectfully prays for judgment against Defendant as follows:

A. That this Court permanently enjoin Defendant, their agents, servants, employees, and attorneys and all those in active concert or participation with Defendant;

  1) from using any trademark, service mark, logo, trade name, domain name or designation confusingly similar to "Bromley" or "Bromley Estates" in or around Union County or Mecklenburg County;

  2) from otherwise infringing Bromley's trademark rights; and

  3) from causing injury to the goodwill and reputation of Bromley.

B. That Bromley be awarded judgment for damages against Defendant resulting from their violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), for federal false designation of origin and false description, in an amount to be fixed by the Court, which in its discretion it finds just, including:

  1) all profits received by Defendant from sales and revenues of any kind as a result of the actions complained of in this Complaint;

  2) all damages sustained by Bromley as a result of Defendant's use of "Enclave at Bromley" in commerce, false designation of origin and false description, and

that such damages be trebled, including damages resulting from losses sustained by Bromley equivalent to a reasonable royalty;

C. That, because of the deliberate and willful actions of Defendant, this action be designated an exceptional case, thereby entitling Bromley to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Bromley as a result of this action, pursuant to 15 U.S.C. § 1117, and that Bromley be awarded such relief;

D. That Bromley be awarded judgment for damages resulting from Defendant's common law trademark infringement;

E. That Bromley be awarded judgment for damages as a result of Defendant's unfair and deceptive trade practices and that those damages be trebled pursuant to N.C. Gen. Stat. § 75-16 and that Bromley be awarded its reasonable attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1;

F. That this Court award any and all relief not here enumerated that this Court deems just and equitable; and

G. That all triable issues of fact be brought before a jury.

This the 13th day of June, 2022.

Respectfully submitted,

/s/ Christina Davidson Trimmer
Christina Davidson Trimmer (N.C. Bar No. 44857)
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon St., Suite 2200
Charlotte, North Carolina 28280-0002
Telephone: 704-945-2151
Fax: 704-332-1197
Email: ctrimmer@shumaker.com
